a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD ETADAFIMUE #A208-932-947,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00282<br>SEC P |
| VERSUS | JUDGE DRELL |
| KRISTI NOEM ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Clifford Etadafimue ("Etadafimue"). Etadafimue is a detainee at the ICE Processing Center in Jena, Louisiana. ECF No. 1. He challenges his continued detention.

Because Etadafimue's detention is lawful, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Etadafimue is a native and citizen of Nigeria. ECF No. 1-2 at 5. He alleges that his immigration detention began on July 25, 2023. ECF No. 1 at 4; 1-2 at 5. He was ordered removed on September 12, 2024. ECF No. 1 at 4. Etadafimue indicates that his appeal is pending with the Board of Immigration Appeals ("BIA"). Id. at 5.

Etadafimue asserts that his prolonged detention is unlawful and his removal to Nigeria is not likely to occur in the reasonably foreseeable future.

1

II. <u>Law and Analysis</u>

After an alien is ordered removed, the Government generally has 90 days to remove him. *See* 8 U.S.C. § 1231(a)(1)(A). However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

As of the date of the Petition, March 3, 2025, Etadafimue's appeal was still pending with the BIA. Therefore, he had no final order of removal, and his detention was discretionary. *See* 8 U.S.C. § 1226(a) ("alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . .").

According to the automated case information provided by the Executive Office for Immigration Review, the BIA dismissed Etadafimue's appeal on March 11, 2025,[1]

---

[1] https://acis.eoir.justice.gov/en/caseInformation/

and his removal order is now final.  Etadafimue is now within the 90-day removal period, during which time he "shall" be detained.  *See* 8 U.S.C. § 1231(a)(1)(B)(i); § 1231(a)(2)(A).  Thereafter, it is presumptively reasonable for Etadafimue to remain detained up to six months.  *See Zadvydas*, 533 U.S. at 701.

Since Etadafimue is now within the 90-day removal period requiring his detention, his habeas Petition is premature.  *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

### III.   Conclusion

Because Etadafimue's detention is lawful, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 10, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4